IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MUIRIA ARMSTRONG,<br>A.A., biological daughter and minor child,<br><br>Plaintiff,<br><br>vs.<br><br>JOLYNE TESCHER, et al.,<br><br>Defendants. | CV 14-24-BU-DWM-JCL<br><br><br>ORDER, and FINDINGS<br>AND RECOMMENDATION |

## I.     INTRODUCTION

Plaintiff Muiria Armstrong, proceeding pro se, filed a Motion to Proceed In

Forma Pauperis.  Armstrong submitted a declaration that makes the showing

required by 28 U.S.C. § 1915(a).  Because it appears she lacks sufficient funds to

prosecute this action **IT IS HEREBY ORDERED** that Armstrong's Motion to

Proceed In Forma Pauperis is **GRANTED**.  This action may proceed without

prepayment of the filing fee, and the Clerk of Court is directed to file Armstrong's

lodged Complaint as of the filing date of her request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is

permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading.  The applicable

provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (I) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Armstrong's pleading to consider whether this action

can survive dismissal under either the provisions of section 1915(e)(2), or any

other provision of law.  *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142

(9th Cir. 2005).

## II.    PLAINTIFF'S ALLEGATIONS

Armstrong commenced this action seeking relief with respect to what she

calls the "loss of [her] child", and her custody of her daughter, A.A.  (Doc. 2 at 7.)

Most of the individuals named as Defendants are sued in their capacities as

employees of the State of Montana's Department of Public Health and Human Services, Child and Family Services Division and/or Child Protective Services Division. Armstrong does not set forth any factual allegations on the face of her pleading. Instead, she refers to documents attached to her pleading. She does, however, allege the existence of a conspiracy, fraud, false claims, and extortion. She also wrote the following on her pleading: "My 4[th] & 14[th] & 9th". (Doc. 2 at 7.) The Court presumes Armstrong purports to reference rights protected under the 4th, 14th, and 9th Amendments to the United States Constitution.

For her relief in this action Armstrong requests that the Court (1) declare that "all" documents relative to her custody of her daughter are "inadmissib[le]", (2) award her punitive damages, (3) vacate any order issued regarding her parental rights and custody of her daughter, and (4) return her daughter to her custody.

The documents attached to Armstrong's pleading, and to which she refers, are all related to a state court action, *In the matter of [A.A.], Youth in Need of Care*, Cause No. DN-12-07 BN, filed in the Montana Second Judicial District Court, Silver Bow County. The documents filed reflect that the subject of the referenced state court action involves Armstrong's legal custody of A.A. Further, although the last docket entry in that case apparently was on November 29, 2013 (doc. 2-1 at 7), because Armstrong attached the court documents to her pleading it

appears that her intent in filing this action is to challenge the proceedings which occurred in the referenced state court action.

## III.  DISCUSSION

Because Armstrong is proceeding pro se the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the
> pleading was made, unless it determines that the pleading could not possibly
> be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Since Armstrong's claims, as framed in her pleading, purportedly assert rights which "aris[e] under the Constitution[,]" the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Nonetheless, despite possessing federal question jurisdiction, the nature of Armstrong's claims are such that the Court must abstain from exercising that jurisdiction.

There is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances.  *Younger v. Harris*, 401

U.S. 37, 43-45 (1971). *See also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir.

2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar*

*Association*, 457 U.S. 423, 431 (1982)). "*Younger* abstention is a jurisprudential

doctrine rooted in overlapping principles of equity, comity, and federalism." *San*

*Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of*

*San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). The *Younger* doctrine directs

federal courts to abstain from granting injunctive or declaratory relief that would

interfere with pending state or local proceedings. *Gilbertson*, at 381 F.3d at 968.[1]

The Ninth Circuit has concluded that the federal courts must abstain under

*Younger* if the following four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates
> important state interests; (3) the federal plaintiff is not barred from litigating
> federal constitutional issues in the state proceeding; and (4) the federal court
> action would enjoin the proceeding or have the practical effect of doing so,
> i.e., would interfere with the state proceeding in a way that *Younger*
> disapproves.

*City of San Jose*, 546 F.3d at 1092 (citing *Gilbertson*, 381 F.3d at 978, and

*AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir.2007)).

Where applicable, *Younger* abstention is mandatory. Absent exceptional

---

[1]Federal courts may raise the issue of *Younger* abstention sua sponte. *See*
*Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976) and *The San Remo Hotel v.*
*City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.*, (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).

All of the elements of *Younger* abstention exist under the circumstances of this case as presented by Armstrong. First, her allegations and the attached documents reference youth-in-need-of-care proceedings regarding her daughter, A.A., prosecuted in the Montana Second Judicial District Court, Silver Bow County.

Second, the referenced state court proceedings implicate important state interests. The State of Montana, through its executive agencies, has a significant state interest in providing protective services for children, and seeking and obtaining assistance in protecting those interests through the state court system. "Family relations are a traditional area of state concern." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (citation and quotation omitted). Additionally, the state has an interest in protecting the authority of its judicial

system. *Id*. This Court may not interfere with those interests when the child protective proceedings are ongoing as indicated by Armstrong.

Third, with regard to Armstrong's opportunity to raise any issue, or to assert any Constitutional right in the state court, she bears the burden to establish "that state procedural law bar[s] presentation of [her] claims[]" in those proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)). Armstrong has not set forth any allegation suggesting she will be barred from presenting any issues in the state proceedings.

Fourth, Armstrong's apparent objective in this action is to obtain custody of A.A., and to have this Court vacate orders issued in the referenced state court action pertaining to A.A. Thus, this federal court action would interfere with or enjoin the state court proceedings, or have the practical effect of doing so, and would interfere with those proceedings in a way that *Younger* disapproves. Where injunctive and declaratory relief is sought a dismissal of those claims is appropriate. *Gilbertson*, 381 F.3d at 981.

Finally, Armstrong has not identified any exceptional circumstances that would render *Younger* abstention inapplicable.

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action

be DISMISSED without prejudice.

DATED this 10th day of April, 2014.

Jeremiah C. Lynch
United States Magistrate Judge